IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DEBRA L. CAMPBELL-BIEBER, | : | |
| | : | |
| Plaintiff, | : | No. 4:CV-07-0827 |
| | : | |
| v. | : | (Judge McClure) |
| | : | |
| CATHY JO MAY, et al, | : | |
| | : | |
| | : | |
| Defendant. | : | |

# M E M O R A N D U M

June 5, 2008

**BACKGROUND:**

On January 30, 2008, plaintiff Debra L. Campbell-Bieber instituted this civil action against defendants, Cathy Jo May, Joseph Fellencer and the Pennsylvania Society for the Prevention of Cruelty to Animals ("PSPCA"), setting forth a claim under 42 U.S.C. 1983.  In her complaint, plaintiff alleges that defendants violated her rights under the Fourth and Fourteenth Amendments to the United States Constitution by searching her residence and seizing various animals during the execution of a warrant that was not supported by probable cause.  The complaint also includes supplemental state law claims of negligence, defamation, negligent infliction of emotional distress, and invasion of privacy.

1

The parties have completed discovery.  On January 30, 2008, defendant

PSCPA filed a motion for summary judgment and sanctions.  (Rec. Doc. No. 16.)

On February 1, 2008, defendant May filed a motion for summary judgment.  (Rec.

Doc. No. 19.)  Opposing and reply briefs have been filed for both motions and the

matters are ripe for disposition.  For the following reasons, we will grant

Defendant PSPCA's motion for summary judgment and sanctions and deny

Defendant May's motion for summary judgment.


**STATEMENT OF FACTS:**

On April 21, 2005, defendant May, a corporal with the Pennsylvania State

Police, received a complaint from plaintiff's daughter, Amy Jo Duitch, and her

husband, Kenneth Duitch, regarding the living condition of various animals at

plaintiff's residence.  (Def. May's Br., Rec. Doc. No. 30, at 2.)  On May 4, 2004,

defendant May applied for a search warrant based on the information provided by

the Duitchs.  (Search Warrant Application, Rec. Doc. No. 16-7, Ex. D, at 2.)  The

affidavit provided by defendant May stated that:

> [The Beibers] relate that Amy's 13 year old daughter, Kayla []
> had been living at Debra and Dale BIEBER's residence.  In
> February this year, Amy was granted sole custody of Kayla due
> to the deplorable, unsanitary living conditions at the BIEBER
> residence.  Amy and Ken said that since then, they have been

2

> trying to get someone to do something about the animals at the
> BIEBERS', whereas: there are animal carcasses lying in, on,
> and about the Bieber property; animals, such as but not limited
> to dogs, cats, kittens, goats, rabbits, horses and chickens have
> resided at the BIEBERS'; at one time there were 10 dogs, now
> there may only be 5; it is believed that the other (5) dogs also
> died due to neglect/abuse; dogs are lving in one room in the
> house, in their own urine and feces-said room never being
> cleaned; on separate occasions two goats were left to rot in the
> barn; in approximately August 2004, Debra purposely ceased
> buying rabbit food for a rabbit, failing to feed it, all that
> remained were it's bones; several kittens were residing on the
> BIEBERS' front porch and being uncared for by Debra, they
> died-Debra did not dispose of the carcasses, but covered them
> up with trash/garbage where it is believed the kitttens are still
> located; Debra keeps adopting animals; sanitary conditions are
> non-existant at the BIEBERS'; Amy and Ken provided
> photographs depicting animal carcasses and filthy conditions of
> the BIEBER property; the photos were taken by Kayla.

(Id.) (emphasis in original).  The application for the search warrant sought to search the  "[r]esidence, barn, curtilage, buildings, structures, vehicles, and any and all places where any animal could be located" and to seize "[a]ny and all animals that appear to be in ill health, depraved, neglected, living in insufficient shelter and or otherwise abused in any way; and to take photographs of any criminal activity discovered."  (Id. at 1.)  The same day, a district justice authorized the search warrant.  (Id.)

Later the same day, defendant May, accompanied by defendant Fellencer, an agent for defendant PSPCA, proceeded to plaintiff's residence.  (Def. May's Br.,

Rec. Doc. No. 30, at 4.)  When they arrived, plaintiff was not present.  (Id.)

Defendants entered the residence and seized 28 animals from the house, barn, and

surrounding property.  (Search Warrant Inventory, Rec. Doc. No. 16-7, Ex. D, at 4-

5.)  The animals were placed in the custody of defendant PSPCA.  (Def. May's Br.,

Rec. Doc. No. 30, at 4.)

Plaintiff was then charged with twenty-eight counts of animal cruelty

pursuant to 18 Pa.C.S.A. § 5511(c).  (Id. at 5.)  On September 22, 2005, a

magisterial district judge (formerly district justice) found plaintiff guilty of twenty-

five counts of animal cruelty and dismissed the counts concerning a rabbit, a

goose, and a parrot.  (Id.)  On September 23, 2005, plaintiff appealed the ruling to

the Northumberland County Court of Common Pleas.  (Id.)  On September 30,

2005, she filed a motion to suppress, arguing that the search and seizure of her

property were illegal because the warrant lacked probable cause.  (Id.)

On February 28, 2006, after a suppression hearing, the court granted

plaintiff's motion to suppress, concluding that the search warrant was not

supported by probable cause.  (Id.)  The government filed an appeal to the

Pennsylvania Superior Court, which affirmed the suppression order.

Commonwealth v. Campbell-Bieber, No. 842 MDA 2006 (Pa. Sup. Ct., May 25,

2007).  The government did not seek review by the Pennsylvania Supreme Court

4

and the case was <u>nolle</u> <u>prossed</u>.  (Def. PSPCA's Br., Rec. Doc. No. 17, at 10.)  In

June of 2007, all the animals were returned to plaintiff except for three dogs that

had passed away while in PSPCA's custody and a pig and horse which had been

adopted out.  (<u>Id.</u> at 10-11.)


## DISCUSSION:

### I.  Legal Standard

A district court may properly grant a motion for summary judgment "if the

pleadings, depositions, answers to interrogatories, and admissions on file, together

with the affidavits, if any, show that there is no genuine issue as to any material

fact and that the moving party is entitled to a judgment as a matter of law."  Fed. R.

Civ. P. 56(c).  An issue is genuine "if the evidence is such that a reasonable jury

could return a verdict for the nonmoving party."  <u>Anderson v. Liberty Lobby, Inc.</u>,

477 U.S. 242, 248 (1986). "Material facts" are those which might affect the

outcome of the suit.  <u>Id.</u>; <u>Justofin v. Metropolitan Life Ins. Co.</u>, 372 F.3d 517, 521

(3d Cir. 2004).

Regardless of who bears the burden of persuasion at trial, the party moving

for summary judgment has the burden to show an absence of genuine issues of

material fact.  <u>Aman v. Cort Furniture Rental Corp.</u>, 85 F.3d 1074, 1080 (3d Cir.

1996) (citations omitted).  To meet this burden when the moving party does not bear the burden of persuasion at trial, the moving party must show that the evidentiary materials of record, if reduced to admissible evidence, would be insufficient to carry the nonmovant's burden of proof at trial.'" Jalil v. Avdel Corp., 873 F.2d 701, 706 (3d Cir. 1989) (quoting Chippolini v. Spencer Gifts, Inc., 814 F.2d 893, 896 (3d. Cir. 1987)); see Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  More simply put, a party moving for summary judgment who does not bear the burden of persuasion at trial is not required to negate the nonmovant's claim, but only point out a lack of evidence sufficient to support the nonmovant's claim.  Country Floors, Inc. v. Partnership Composed of Gepner and Ford, 930 F.2d 1056, 1061 (3d Cir. 1991).

To the contrary, when the moving party bears the burden of persuasion at trial, it must point to evidence in the record that supports its version of all material facts and demonstrate an absence of material facts.  National State Bank v. Federal Reserve Bank, 979 F.2d 1579, 1582 (3d Cir. 1992).  If the moving party does not meet this burden, the court must deny summary judgment even if the nonmoving party does not produce any opposing evidence.  Id.

Once the moving party meets its burden of showing an absence of genuine issues of material fact, the nonmoving party must provide some evidence that a

6

issue of material fact remains.  <u>Matushita Elec. Indus. Co. v. Zenith Radio Corp.</u>,

475 U.S. 574, 586 (1986).  The nonmoving party, however, cannot do so by merely

offering general denials, vague allegations, or conclusory statements; rather the

party must point to specific evidence in the record that creates a genuine issue as to

a material fact.  <u>Celotex</u>, 477 U.S. at 32; <u>Ridgewood Bd. of Educ. v. N.E. ex rel.</u>

<u>M.E.</u>, 172 F.3d 238, 252 (3d Cir. 1999).

## II.  Analysis

Plaintiff's complaint sets forth a claim under 42 U.S.C. § 1983 against all

defendants as well as state law claims for negligence, defamation, negligent

infliction of emotional distress, and invasion of privacy against the individual

defendants.  (Rec. Doc. No. 1.)   In order for plaintiff to prevail under 42 U.S.C. §

1983, she must establish two elements: 1) that the conduct complained of was

committed by a person acting under color of state law; and 2) that the conduct

deprived plaintiff of rights, privileges, or immunities secured by the Constitution or

laws of the United States.  <u>Kost v. Kozakiewicz</u>, 1 F.3d 176, 184 (3d Cir. 1993).

<u>A.  Defendant May's Motion for Summary Judgment</u>

As a preliminary matter, we note that defendant May argues in her motion

that plaintiff's state law claims are barred by the doctrine of sovereign immunity

(Rec. Doc. No. 30, at 9) and that plaintiff concedes that this is the case (Rec. Doc.

No. 32, at 7.)  We agree.  Pennsylvania has not waived sovereign immunity with

respect to the actions of a police officer taken within the scope of his or her official

duties.  1 Pa.C.S.A. § 2310.  Therefore, we will dismiss plaintiff's state law claims.

With respect to plaintiff's claim under § 1983, defendant May argues that

she is entitled to qualified immunity because she acted pursuant to a facially valid

warrant issued by a district justice.  (Rec. Doc. No. 30, at 6-8.)  The doctrine of

qualified immunity protects government officials performing discretionary

functions from liability for civil damages as long as their conduct does not violate

clearly established statutory or constitutional rights of which a reasonable person

would have known.  Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982).

In the instant case, there is undoubtedly a clearly established constitutional

right to be free from unreasonable searches and seizures as set out by the Fourth

Amendment.  We agree with the Pennsylvania Superior Court's conclusion that the

warrant in the instant case was not supported by probable cause.  The affidavit in

support of probable cause does not indicate the Duitchs' basis of knowledge for the

information concerning the treatment of animals at plaintiff's residence.

Presumably, this information was relayed from Kayla, who had previously been

living with plaintiff, in which case the information would contain an additional

level of hearsay.  We also note that the information in the affidavit appears to be

8

stale, as the latest date mentioned in the affidavit was February of 2005 and the

warrant was submitted on May 4, 2005.  As such, there is no information to

suggest that the cruelty to animals was ongoing at the time the warrant was issued.

Finally, we note that the affidavit contains no mention of an independent

investigation by May of the information provided by the Duitchs.  Therefore, we

conclude that under the totality of the circumstances test set out in Illinois v. Gates,

which requires us to consider whether "given all the circumstances set forth in the

affidavit before [the magistrate], including the 'veracity' and 'basis of knowledge'

of persons supplying hearsay information, there is a fair probability that

contraband or evidence of a crime will be found in a particular place," we conclude

that the warrant in the instant case lacked probable cause.  462 U.S. 213, 238

(1983).

Yet, this does not end our inquiry.  Although defendant May did violate

plaintiff's constitutional rights, she acted pursuant to a search warrant that was

authorized by a judicial officer.  Under such circumstances, only when the warrant

application is "so lacking in indicia of probable cause as to render official belief in

its existence unreasonable" will the officer lose the shield of qualified immunity.

Orsatti v. New Jersey State Police, 71 F.3d 480, 483 (3d. Cir. 1995) (quoting

Malley v. Briggs, 475 U.S. 335, 341 (1986).  In other words, we must inquire as to

"whether a reasonable well-trained officer would have known that his affidavit
failed to establish probable cause and that he therefore should not have applied for
the warrant under the conditions.  Id. (citing Malley, 475 U.S. at 324.)  Due to the
sparsity of the affidavit in the instant case, as already discussed, we conclude that a
reasonable jury could determine that the affidavit is "so lacking in indicia of
probable cause as to render official belief in its existence unreasonable."
Therefore, we will deny summary judgment on this issue.

## B.  Defendant PSPCA's Motion for Summary Judgment

Defendant PSPCA argues that it is entitled to summary judgment because §
1983 does not permit liability on the basis of the theory of respondeat superior and
because there is no evidence that it maintained a policy, practice, or custom of
engaging in illegal search and seizures.  (Rec. Doc. No. 17, at 16-18.)  Similarly, it
argues that it is entitled to summary judgment on plaintiff's unlawful seizure claim
because it was holding plaintiff's animals as part of an active criminal
investigation.  (Id. at 18.)

As a preliminary matter, we note that the PSPCA is a state actor for the
purposes of liability under § 1983.  Allen v. Pennsylvania Soc. for the Prevention
of Cruelty to Animals, 488 F.Supp.2d 450, 462 (M.D. Pa. 2007) (Connor, J.).
Thus, defendant Fellencer, who is the agent for PSPCA who assisted defendant

May in the search at plaintiff's residence, may be held liable under § 1983 for the illegal search at plaintiff's residence.  Nevertheless, this does not necessarily mean that PSPCA may be held liable for the actions of its employees.  "[A] municipality can be found liable under § 1983 only where the municipality itself causes the constitutional violation at issue.  Respondeat superior or vicarious liability will not attach under § 1983."  City of Canton v. Harris, 489 U.S. 378, 385 (1989) (citing Monell v. New York City Dept. of Social Services, 436 U.S. 658, 694-695 (1978)).  Only when the execution of the municipality's policy or custom causes the injury may the municipality be held liable under § 1983.  Id. (citation omitted).  In the instant case, plaintiff has presented no evidence that the PSPCA maintains a policy or custom that may have been the moving force behind the constitutional violation that occurred in the instant case.  Therefore, we will grant PSPCA summary judgment with respect to the search.

Finally, we also find that summary judgment in favor of PSPCA is appropriate with respect to the seizure of animals by the PSPCA.  In her complaint, plaintiff appears to allege that PSPCA is directly liable because it continued to hold plaintiff's animals for two years after the initial search and seizure.  (Rec. Doc. No. 1, ¶ 30.)  Of course, these animals were held during an ongoing criminal proceeding and were returned as soon as the charges were nolle prossed.  For this

11

reason, and because plaintiff makes no argument in support of direct liability

against PSPCA in her opposition brief, we will grant summary judgment for

PSPCA on this issue as well.

## C.  Failure to Serve Defendant Fellencer

Plaintiff filed her complaint May 7, 2007.  The parties have stipulated that

defendant Fellencer has not been served with the complaint and summons.  (Rec.

Doc. No. 16-5, Ex. B, at 24.)  Rule 4(m) of the Federal Rules of Civil Procedure

requires service within 120 days after the complaint is filed.  Specifically, the rule

states that "[I]f a defendant is not served within 120 days after the complaint is

filed, the court – on motion or on its own after notice to the plaintiff – must dismiss

the action without prejudice against that defendant or order that service be made

within a specified time."  Therefore, we will order plaintiff to show cause why the

action should not be dismissed as to defendant Fellencer.

## D.  Defendant PSPCA's Motion for Sanctions.

Defendant PSPCA also contends that sanctions are appropriate for plaintiff's

failure to attend her deposition on December 20, 2007.  (Rec. Doc. No. 17, at 20.)

Although the deposition of plaintiff was conducted just over one week later on

December 28, 2007, there does not appear to be much dispute that plaintiff failed

to appear on December 20, 2007 without any justification other than the fact that

she simply did not want to be deposed.  Similarly, there does not appear to be any

dispute that plaintiff did not inform defense counsel that she would not attend the

deposition, which caused a waste of time and money.  This is simply unacceptable,

especially when plaintiff has voluntarily initiated this lawsuit.  Therefore, we will

impose sanctions pursuant to Rule 37(d)(1)(A)(I) of the Federal Rules of Civil

Procedure, which authorizes sanctions for the failure of a party to attend his or her

deposition after being served with proper notice.


       s/ James F. McClure, Jr.
JAMES F. McCLURE, JR.
United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DEBRA L. CAMPBELL-BIEBER, | : | |
| | : | |
| Plaintiff, | : | No. 4:07CV-0827 |
| | : | |
| v. | : | (Judge McClure) |
| | : | |
| CATHY JO MAY, et al, | : | |
| | : | |
| Defendant. | : | |

**O R D E R**

June 5, 2008

In accordance with the accompanying Memorandum,

**IT IS HEREBY ORDERED THAT:**

1.   Defendant PSPCA's motion for summary judgment and sanctions is GRANTED.  (Rec. Doc. No. 16.)

2.   Summary judgment is entered in favor of defendant PSPCA.  The clerk is directed to defer entry of final judgment in favor of PSPCA until disposition of the entire case.

14

3.      Defendant Cathy Jo May's motion for summary judgment is

        DENIED.  (Rec. Doc. No. 19.)

4.      Plaintiff is ordered to show cause by June 19, 2008 why the action

        should not be dismissed as to defendant Fellencer for failure to serve

        the summons and complaint.

5.      Plaintiff shall pay to defendant its reasonable attorney's fees and

        expenses incurred incident to her failure to attend her originally

        noticed deposition on December 20, 2007.

        5.1     If the parties are able to agree by July 1, 2008, on the amount to

                be paid by plaintiff pursuant to ¶ 5 above, plaintiff shall pay

                that amount to defendant by July 15, 2008.

        5.2      If the parties are unable to agree by July 1, 2008, to the amount

                to be paid by plaintiff pursuant to ¶ 5 above, defendant may file

                a motion seeking court determination of the appropriate

                attorney's fees and expenses pursuant to this order by July 30,

                2008, with an itemized statement of services

15

rendered, fees, and expenses.  Plaintiff shall respond to

Defendant's motion within ten days after service of the motion.


　s/ James F. McClure, Jr.　
JAMES F. McCLURE, JR.
United States District Judge