IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DEBRA L. CAMPBELL-BIEBER, | : | |
| | : | |
| Plaintiff, | : | No. 4:CV-07-0827 |
| | : | |
| v. | : | (Judge McClure) |
| | : | |
| CATHY JO MAY, et al, | : | |
| | : | |
| | : | |
| Defendant. | : | |

**ORDER**

August 27, 2008

**BACKGROUND:**

On January 30, 2008, plaintiff Debra L. Campbell-Bieber instituted this civil action against defendants, Cathy Jo May, Joseph Fellencer and the Pennsylvania Society for the Prevention of Cruelty to Animals ("PSPCA"), setting forth a claim under 42 U.S.C. 1983. In her complaint, plaintiff alleges that defendants violated her rights under the Fourth and Fourteenth Amendments to the United States Constitution by searching her residence and seizing various animals during the execution of a warrant that was not supported by probable cause. The complaint also includes supplemental state law claims of negligence, defamation, negligent infliction of emotional distress, and invasion of privacy.

1

On January 30, 2008, defendant PSCPA filed a motion for sanctions. (Rec. Doc. No. 16.) In plaintiff Campbell-Bieber's response, she did not dispute that she failed to appear for her first scheduled deposition, but it is argued that she has limited means and cannot afford to pay attorney's fees. (Rec. Doc. No. 32 at 9.) On June 5, 2008, because of plaintiff's unjustified failure to appear for her December 20, 2007 deposition, we ordered plaintiff to pay defendant PSCPA's reasonable attorney's fees and expenses incurred incident to that deposition. (Rec. Doc. No. 35.) The parties were given an opportunity to agree on the amount to be paid by plaintiff, and if the parties could not agree by July 1, 2008, defendant was given the opportunity to file a motion for court determination of the appropriate amount. (Id.) That Order also gave plaintiff ten days after service of the motion to respond. (Id.) Evidently the parties were not able to agree, for on July 29, 2008 defendant PSPCA filed a Motion to Determine Amount of Sanctions, and filed its supporting brief on August 8, 2008. (Rec. Doc. Nos. 37 and 38.) Although defendant's motion did include a Certification of Non-Concurrence, plaintiff has not filed any opposition to defendant's motion, and hence the motion is deemed unopposed. L.R. 7.6.

Additionally, the parties have stipulated that defendant Fellencer has not been served with the summons and complaint. (Rec. Doc. No. 35 at 12.) We

ordered plaintiff to show cause by June 19, 2008 why the action should not be dismissed as to defendant Fellencer. (Id. at 15.) Plaintiff has not done so.

Now, for the following reasons we will order plaintiff to pay defendant PSPCA $617.90 for services rendered, fees, and expenses incurred due to plaintiffs failure to appear for her December 20, 2007 deposition. We will also order the complaint dismissed as to defendant Fellencer for plaintiff's failure to serve the summons and complaint.

**DISCUSSION:**

1. Sanctions

The parties do not dispute that plaintiff's only justification for not attending her deposition was that she did not want to be deposed. (Rec. Doc. No. 35 at 13.) Plaintiff failed to appear without good legal excuse and against the advice of counsel. (Rec. Doc. No. 32 at 8.) Similarly, there does not appear to be any dispute that plaintiff did not inform defense counsel that she would not attend the deposition, which resulted in a waste of time and money. (Rec. Doc. No. 35 at 13.) Plaintiff's deposition was conducted one-week later on December 28, 2007. (Rec. Doc. No. 18 at 8.)

Defendant PSPCA filed a motion for sanctions and its supporting brief on January 30, 2008. Plaintiff filed a reply brief February 27, 2008. On June 5, 2008,

we ordered that sanctions be imposed, giving the parties an opportunity to agree on the amount of sanctions by July 1, 2008. We further ordered that if they could not agree, defendant was given until July 30, 2008 to file a motion to seek court determination of the amount, and plaintiff was ordered to respond to that motion within ten days of service. (Id. At 16.) More than ten days have passed and plaintiff has not filed any opposition to defendant's motion. Defendant's motion is therefore deemed unopposed.

We ordered that sanctions be imposed pursuant to Rule 37(d)(1)(A)(I) of the Federal Rules of Civil Procedure, which authorizes sanctions for the failure of a party to attend his or her deposition after being served with proper notice. According to the federal rules, the "...court must require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." (Fed. R. Civ. P. 37(d)(3)). In determining the amount of sanctions, we turn to the factors set forth in Poulis v State Farm Fire & Casualty Co. 747 F.2d 863 (3d Cir. 1984).

> "(1) the extent of the *party's* personal *responsibility*; (2) the *prejudice* to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a *history* of dilatoriness; (4) whether the conduct of the party or the attorney was *willful* or in *bad faith*; (5) the effectiveness of sanctions other than dismissal, which entails an analysis

4

of *alternative sanctions*; and (6) the *meritoriousness* of the claim or defense."

Id. at 868 (emphasis in original).

1.  The extent of the party's personal responsibility. It is undisputed that plaintiff acted against the advice of counsel and acted on her own in failing to attend her deposition. (Rec. Doc. No. 37 at 3.) Thus plaintiff Campbell-Beiber is solely responsible for her failure to attend her deposition.

2.  Prejudice to the adversary. Plaintiff's deposition was scheduled for December 20, 2007. (Rec. Doc. No. 17 at 20.) Because she failed to attend the deposition, plaintiff's deposition was rescheduled and taken on December 28, 2007. (Id.) Because the deposition was taken just one week later, we see little to no prejudice to defendant PSPCA.

3.  A history of dilatoriness. There is no indication in the record of any other delays in this case.

4.  Whether the conduct of the party or the attorney was willful or in bad faith. We have already determined that the plaintiff's only justification for failing to appear was that she did not want to be deposed. (Rec. Doc. No. 35 at 13.) Thus her failure to appear was willful. There is no evidence in the record that she did not attend in bad faith, especially since she was deposed one week later.

5

5. The effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions. As dismissal is a severe penalty, not warranted by the circumstances of this case, and as the deposition was taken just one-week later, it appears that defendant's reasonable attorneys fees and expenses should suffice.

6. The meritoriousness of the claim or defense. Plaintiff did not have a meritorious claim against defendant PSPCA, for a summary judgment motion was granted in favor of the PSPCA, but that could only be determined after discovery was completed.

This does not end our inquiry, for we need to determine the amount of sanctions, not only in light of plaintiff's actions, but in respect to the amount of actual costs to the defendant. Defendant PSPCA's motion suggests it be awarded $2,684.90. It suggests it incurred counsel fees in the amount of $2,067.00 "as a result of Campbell-Beiber's refusal to attend her deposition." Defendant attached an "itemized" bill as <u>Exhibit A</u>. The only explanation in the itemization is that Attorney Salzwedel performed 7.8 hours of work to attend the deposition in Harrisburg. Conspicuously missing is whether Attorney Salzwedel is a senior partner or an associate, and whether $265.00 per-hour is the going rate for an attorney of his level. Also missing is whether $2,067.00 is the lodestar in the

geographic area as an appropriate amount to charge a client to take a train to attend a deposition.

Defendant also requests $500.00 for fees they "will incur" related to the attempt to settle upon the amount of sanctions and for the preparation of this Motion seeking to determine the value of sanctions. Again, there is no explanation nor itemization of how this figure was determined.

Because there is no convincing explanation as to the reasonableness of charging the PSPCA $2,567.00 for a train trip and to file the instant motion, we find this amount unreasonable. The court will order plaintiff to pay $500.00 for reasonable counsel fees.

Defendant PSPCA requests $72.00 "to travel by train to Harrisburg for the deposition...A copy of the invoice and boarding passes...are attached hereto as Exhibit B." The $72.00 is supported by the exhibit. Finally, defendant requests $45.90 for court reporting expenses. This amount is supported by Exhibit C. Thus, plaintiff is ordered to pay both the costs of the train travel and the court reporter.

Therefore, we will order plaintiff to pay defendant PSPCA $617.90, an amount representing $500.00 for counsel fees, and costs of $72.00 for train travel, and $45.90 for court reporter expenses.

2.  Defendant Fellencer

Plaintiff was given ample opportunity to show cause as to why defendant Fellencer should not be dismissed, but plaintiff has not filed anything with the court.  Accordingly, and pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, we will order that the action be dismissed without prejudice as to defendant Fellencer for failure to serve him with the summons and complaint.

**IT IS HEREBY ORDERED THAT:**

1.  Plaintiff is ordered to pay Defendant PSPCA $617.90.

2.  The action is dismissed without prejudice as to defendant Fellencer for failure to serve the summons and complaint pursuant to Rule 4(m) of the Federal Rules of Civil Procedure.

   s/   James F. McClure, Jr.
James F. McClure, Jr.
United States District Judge